UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY LEE JENT,

    Plaintiff,

    v.

INDIANA DEPARTMENT OF CORRECTIONS, ROBERT E. CARTER, RON NEAL, JEREMY R. WALLEN, PAULINE WILLIAMS, SHERRY HATCHEL, ANTHONY J. WATSON, KAITLYN RADATS, HEATHER VERDON, and K. ST. MARTIN,

    Defendants.

CAUSE NO.: 3:19-CV-046-JD-MGG

OPINION AND ORDER

Randy Lee Jent, a prisoner without a lawyer, filed a complaint with unrelated claims. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

Jent alleges Officer Anthony J. Watson put him in a holding cell on August 17, 2018, without a toilet and then ignored his pleas until he urinated on the floor. Unrelated to that claim, he alleges Case Manager Sherry Hatchel refused to let him make a phone call on August 14, 2018, and then wrote him up for disorderly conduct after he stood outside her office for an extended length of time to give her a grievance. Unrelated to that claim, he alleges Wexford refuses to properly treat his mental health

problems. Unrelated to that claim, he alleges Grievance Specialist Jeremy R. Wallen mishandles grievances.

Jent is suing Commissioner Robert E. Carter and Warden Ron Neil, but he does not allege they violated his constitutional rights. Rather he merely alleges they "are partially responsible for their employee's actions. However, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore Commissioner Robert E. Carter and Warden Ron Neil must be dismissed.

Finally, Jent states he believes Lt. Pauline Williams and Sgt. Radats collaborated against him with Officer Watson and Case Manager Hatchel. However he has not provided any facts from which it can be plausibly inferred that either violated his constitutional rights. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted).

Therefore Jent must file an amended complaint containing only related claims. *See Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009) and *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). To do so, he needs to put this cause number on a blank complaint form and include only the facts about the related claims in that complaint. If he wants to also sue the other defendants based on other claims, he needs to get a different blank complaint form. He should not put a cause number on the second (or third, etc.) complaint form because it (or they) will be used to open a new case (or cases). Jent must also file an in forma pauperis motion with any additional complaints he files.

For these reasons, the court:

(1) DISMISSES Commissioner Robert E. Carter and Warden Ron Neil;

(2) GRANTS Randy Lee Jent until **May 30, 2019**, to file one amended complaint in this case containing only related claims; and

(3) CAUTIONS Randy Lee Jent if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on April 26, 2019

                                           /s/ JON E. DEGUILIO
                                           JUDGE
                                           UNITED STATES DISTRICT COURT