UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY LEE JENT,

    Plaintiff,

    v.      CAUSE NO. 3:19-CV-046-JD-MGG

PAULINE WILLIAMS, et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff Randy Lee Jent amended his section 1983 complaint, alleging he was held in a cell without a toilet and forced to suffer until he was unable to prevent himself from urinating on the floor. Mr. Jent is incarcerated and not represented by an attorney.

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mr. Jent is incarcerated, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted [ ] or seeks monetary relief from a defendant who is immune from such relief." *Id*.

Mr. Jent alleges that within minutes after he awoke on August 17, 2018, Officer Anthony J. Watson took him to a holding cell that did not have a toilet. After twenty minutes, Mr. Jent began yelling that he needed to urinate. According to Mr. Jent, despite knowing of his duress, Sgt. Kaitlyn Radats and Lt. Pauline Williams did not respond.

After nearly an hour of yelling, he "had to urinate [on] the cell floor in order to prevent urinating on [himself]." (Am. Compl., ECF 14 at 2.) Mr. Jent alleges Officer Watson, Sgt. Radats, and Lt. Williams knew he had bladder problems. He alleges they maliciously and sadistically forced him to suffer and forced him to violate prison rules by urinating on the floor.

Prison conditions violate the Eighth Amendment if "the prison officials' act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." "Adequate . . . facilities to . . . use the toilet are among the 'minimal civilized measure of life's necessities that must be afforded prisoners." *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012), citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), and *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *but see Strominger v. Brock*, 592 Fed. Appx. 508, 511 (7th Cir. 2014) (finding no deprivation of life's necessities where inmate "mobility and access to the toilet were made a little more difficult on a very temporary basis"), *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997) (duration of deprivation must be considered in determining whether condition of confinement is unconstitutional), *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir.1996) (same); and *Harris v. Fleming*, 839 F.2d 1232, 1234–36 (7th Cir. 1988) (temporary neglect of prisoner's hygienic needs, which included an eleven-hour delay in providing toilet paper, does not establish an Eighth Amendment violation).

Mr. Jent's case presents a question of whether Officer Watson, Sgt. Radats, and Lt. Williams inflicted upon Mr. Jent unnecessary and wanton pain and suffering. The answer depends on whether the decision to place and leave him in a cell without a toilet

2

was made in a "good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21, (1986) (quotation marks and citation omitted).

Mr. Jent is also suing Lt. K. St. Martin. Jent alleges Lt. St. Martin was involved with the disciplinary proceeding related to his urinating on the floor. However, Mr. Jent did urinate on the floor, and Mr. Jent is not alleging that Lt. St. Martin was involved with forcing him to do so. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore he has not stated a claim against Lt. St. Martin.

Finally, Mr. Jent asks that four conduct reports be vacated. Mr. Jent was charged and found guilty of urinating on the floor on August 17, 2018, but it's unclear what other conduct reports he is referencing. In any case, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In fact, Mr. Jent has already filed a habeas corpus petition challenging the August 17, 2018, incident. *See Jent v. Warden*, 3:19-CV-087 (N.D. Ind. filed February 11, 2019). Therefore he may only proceed on a claim for monetary damages in this case.

For these reasons, the Court:

(1) GRANTS Randy Lee Jent leave to proceed against Officer Anthony J. Watson, Sgt. Kaitlyn Radats, and Lt. Pauline Williams on his Eight Amendment claim that, on

August 17, 2019, they sadistically forced him to suffer while he was attempting to hold his urine in order to avoid violating the rule against urinating on the floor;

(2) DISMISSES all other claims;

(3) DISMISSES defendant Lt. K. St. Martin;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer Anthony J. Watson, Sgt. Kaitlyn Radats, and Lt. Pauline Williams at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 14), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Anthony J. Watson, Sgt. Kaitlyn Radats, and Lt. Pauline Williams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 18, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT