UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY LEE JENT,

    Plaintiff,

    v.      CAUSE NO. 3:19-CV-46-JD-MGG

PAULINE WILLIAMS, et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff Randy Lee Jent is imprisoned and representing himself. The Court screened his amended complaint pursuant to 28 U.S.C. § 1915A and granted him leave to proceed against "Officer Anthony J. Watson, Sgt. Kaitlyn Radats, and Lt. Pauline Williams on his Eight Amendment claim that, on August 17, 2019, they sadistically forced him to suffer while he was attempting to hold his urine in order to avoid violating the rule against urinating on the floor." (ECF 16 at 4). Mr. Jent has now filed a motion for preliminary injunction and temporary restraining order (ECF 35), asking that the defendants and anyone acting in concert with them be enjoined from:

1. Further retaliation based on Plaintiff's legal activity;
2. Continuing to commit acts of oppression, maintenance, and barratry;
3. Interfering with Plaintiff's assigned unit's allotted time to access law library each Monday 7:00 am to 9:45 am, each Tuesday & Thursday 11:00 am to 1:45 am;
4. Interfering with Plaintiff's right to equal time as others are to be out of his secured cell, stopping his ability to utilize time to receive and communicate legal advice from other prisoners;
5. Using practices methodically to cause intentional distortions and distractions;
6. Continuing to neglect maintenance on Law Library Computer systems; and
7. Refusing Plaintiff consistent access to Law Library.

(ECF 35 at 1-2.)

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). The court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

Mr. Jent is not entitled to a preliminary injunction. His request for injunctive relief is based on allegations that are outside the scope of his claim in this case. Mr. Jent is proceeding only on an Eighth Amendment claim against Officer Anthony J. Watson, Sgt. Kaitlyn Radats, and Lt. Pauline Williams that they sadistically forced him, on August 17, 2019, to hold his urine to avoid violating the rule against urinating on the floor. (ECF 16 at 4.) The Court has not given him leave to proceed on any claims raised in his motion for injunctive relief. Moreover, Mr. Jent's motion does not allege that any of the defendants are responsible for the additional wrongdoings (e.g., retaliating since at least July 2018 because of "Plaintiff's legal activity," interfering with his library access, interfering with giving and receiving legal advice to/from other prisoners, neglecting to maintain law library computers, and so on). The Court cannot enter an injunction, even if there were valid grounds against persons who are not parties to the

case. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("An injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court."). Consequently, Mr. Jent's motion for preliminary injunction fails from the outset because he has no likelihood of success on the merits and because it is brought against persons who are not parties to this case.

    For these reasons, the court DENIES Mr. Jent's motion for preliminary injunction. (ECF 35.)

    SO ORDERED on April 30, 2020

                                                     /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT